First 10 o'clock case is People v. Pace and Beach. Please proceed. Thank you, Your Honor. Your Honors, Counsel, may it please the Court, These consolidated cases involve the destruction of evidence by the Illinois State Police. In opening briefs, the defendant points out that there was no testimony as to the date the evidence was destroyed, and the State agrees that there was no finding made by the trial court regarding the date of the destruction of evidence, and this is a finding that is critical to the outcome of the case, and it's necessitating a limited remand for purposes of resolving that issue. There are essentially two tracks that could be followed here where evidence should be excluded. The first of those tracks is the Arizona v. Youngblood or due process track, and for this track to apply, a criminal defendant must show bad faith on the part of law enforcement. That case, in fact, holds that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law. Now, this is where I'm having a problem, is everybody I thought that saw the material that was destroyed said there was no residue on any of the parts, any pieces, and there was no chemicals that you needed like, I guess, ammonium nitrate or whatever, or what's it, I forget what it is. Anhydrous. Anhydrous ammonia, now we got it, okay. And no residue whatsoever, yet by their protocol, they said, well, this is a dangerous thing. Well, you know, sometimes you can't even go home at night then if your house is that dangerous, can you? Well, I think that you're right, Your Honor, that there's been no testimony about any testing done on any of the materials. No, there's no testing, but there was observation of it, and everybody that saw it knew that it was not dangerous. And I believe even the trial court, as the proceedings moved along, said that there wasn't any testimony saying that they observed anything on any of those materials. Okay, so you've got a couple fighting in a park, arguing in a parking lot. Right. You have a pickup truck, and apparently, I thought everything was either in the pickup truck, nothing that they'd found in the house, did they or didn't they? I think they found a few items in the motel room. Well, there was a rubber hose that was in the back. You could bleed your brakes with that probably. And then you've got side cutters, which you cut wire with. And I got confused, because it looks like two side cutters. It might have been one or two. I don't know. And then there was a coffee grinder that had no residue in it. Right. And then there was a bottle of heat, which I don't know what time of year was it. It was to make your gasoline not have, you know, it's what? That is certainly a non- It's alcohol. It's a lawful purpose. It's alcohol, right? Right. And I don't know which kind of alcohol. If it's methanol or I think it's the other kind. Or is it? I'm not an expert on one. Ethanol or methanol. It's one or the other. So you have those. Now, and what else there was? I'm trying to think of what else. But there was nothing that was dangerous in that at all. But it was in the truck. Now, if it was in the truck, why didn't they confiscate the truck and destroy it? Because it was used to transport the items. That's certainly an argument I've never heard or a question I've never thought about. Would they have taken the truck? It was used in the commission of a crime? They probably could if it's used in the commission of a crime. Would they destroy it because the truck was dangerous? Would they have destroyed the truck? If the truck were dangerous? Was it dangerous? I don't know. No, I think the issue really isn't necessarily whether or not those items were dangerous. The issue was there could be residue on them. But they expected them and said there wasn't and they didn't test for it. Yet they said they were dangerous and destroyed them. That's correct. Now, how did they get into evidence that maybe this couple had some prior charges against them or convictions? Just charges? I know that one of the defendants had prior convictions. Okay, now that's inadmissible, isn't it? Pardon? That's inadmissible probably. It's inadmissible in a – well, a prior conviction can be admissible in a case, but it goes towards the knowledge of the officers as to whether or not these items were in a sufficient quantity and of a sufficient type where they could conclude it constituted possession of meth-making materials. The defendants were not charged with possession of methamphetamine. Right, I know that. Pseudophed or precondition. Because there's none of it there, not even residue. And that's why testing really wouldn't have helped on anything. Yes, it would have. It would have said this is not dangerous. Well, but it wasn't destroyed necessarily because it was dangerous. What's the protocol say? That's something we don't know from the record. What we do know from the record is that the court made a finding, the trial court made a finding, that the items were destroyed pursuant to MRT protocol, meth response team protocol. The court's issue really wasn't that there was any bad faith on the part of law enforcement trying to get rid of evidence that could have potentially been exculpatory. The trial court essentially said that you did this destruction without leaving the court and you did not give notice to the defendant that you were going to be destroying these items. And so the reason that bad faith is at issue at this point in the case is that in the opening brief that's what the defendants bring out on appeal. So even if you look at the Youngblood issue and can find that there's not been bad faith on the part of law enforcement, I believe the trial court's order supports that. There's been no finding of bad faith made there. The court specifically said this is a discovery violation. So when you get to the discovery violation, the timing of the date of the destruction of the evidence is critical because then you fall under the Claudus and Koutsakis cases, and on those cases there has to be notice to the state that the defendant needs to use those items. The state concedes at this point. If the record shows after a remand, if the trial court finds these items were destroyed after the state was put on notice that they needed to preserve those items, we really don't have an argument on the discovery issue because the trial court under Rule 415 has the authority to regulate discovery, and this is certainly a sanction the court could have made. The issue is could this have been accomplished absent keeping all of that evidence out? And one of the things, getting back to what your question was, the court kind of bantied about on the special remotion to reconsider. Well, I could just say, well, the state has to accept that none of these items had any residue on them. And again, that issue is not determinative in the outcome because the defendant wasn't charged with possession of methamphetamine or precursor. It was the materials themselves, and the state police believe they were in a sufficient quantity. So even though no due process violation was found, there was a discovery violation found, but in this case, I don't believe that can stand at this point unless the record can show that the state was put on notice. What we do know is the trial court made specific findings concerning the dates of the arrest, the dates of the charges, and the trial court found the defense filed motions for discovery on August 13, 2013, requesting tangible objects to be used at trial. The court did find the items were destroyed prior to October 15, 2013, but that's not a specific finding on the date the items were destroyed. We really need to be looking at the August 13 date, and that doesn't quite get us there. Again, we've got to look at whether the state's put on notice, and the Claudus and Koutsakis cases say that the state has to be put on notice that there is a specific request for items, and in that event, the defendant doesn't need to show the exculpatory value. The state just has to preserve those items once they're put on notice. Again, if the court believes what the state is asserting here today, that we're not looking at the bad faith issue because there's no finding by the trial court and that the issue is was the state put on notice to preserve anything, then I think we're at the issue of a finding of fact that needs to be made by the trial court, and that necessitates a limited remand for that purpose. If there were no further questions, that's all I have at this point of the argument.  Thank you, Counsel. Good morning. May it please the Court. Counsel? My name is Alexander Munches. I'm with the Office of the State of Health Defender, and I represent Mr. Daniel Pace and Ms. Skyler Leach. The briefing focused on two issues, the due process violation and Supreme Court Rule 412. I'd like to focus on Rule 412 in argument today. It's important to note that this Court need not reach Argument 1, a constitutional issue. Supreme Court Rule 412 also governs this case. In this case, the state kicked off discovery by filing motions that certified to the court and to the defense that the seized items in this case, non-dangerous items, as Justice Wells just pointed out, that they had been preserved and they were available for inspection to the state's attorney's office. The state then destroyed these items. The state never gave notice regarding either the actual destruction or even the possibility of destruction. Accordingly, Judge Heda found that there was a Rule 412e violation. The state also violated Rule 412f. Given either violation, Judge Heda acted well within his discretion in sanctioning the state. The state appears to concede that issue. I'm not quite sure. The state will probably address it on rebuttal, but they seem not to have a problem with the actual remedy in this case. This court should affirm Judge Heda's order. Again, the state told Judge Heda and the defense that it was preserving the seized items. It then destroyed them. The state's Rule 412 argument is misguided and premised on a misunderstanding of the Rule 412 itself. Rule 412 is not a rule about when the state may destroy evidence. 412 proceeds stepwise, governing disclosure to the accused. Sections A through C describe the materials or information that make up discovery. This is not left to common sense. For example, A, Roman numeral B, lists any tangible objects which were obtained from or belong to the accused. So here, the state received notice regarding the 14 seized items to preserve this material from the outset. Indeed, Section F orders the state to preserve this material from the outset of the investigation. Section D tells the state when to disclose. Section E suggests how to disclose in any, quote, mutually agreeable manner. The state's Rule 412 argument is found in one sentence on page 16 of its reply. Quote, certainly the state must be placed on notice to preserve items prior to a determination that there has been a discovery violation. End quote. Unsurprisingly, there's no citation following this sentence. Indeed, it's premised on a misunderstanding of Section D. Again, D tells the state when to disclose. And that's as soon as practical following the filing of a motion by defense. The state misreads its duty to preserve under Section F as only arising when the defense makes a written discovery request. The text of Section F contradicts the state's reading. The duty to preserve arises with the investigation. Sections D and E are meaningless unless the evidence is preserved in accord with Section F. In a sound discretion, Judge Hayda appropriately sanctioned the state under Rule 415GI. Again, the state seems to be okay with that. When assessing the sanction imposed by Judge Hayda, this court first has to look at the nature of the case. This was a close case. This is a prosecution for possession of meth manufacturing materials. This is not a meth production prosecution. This is not possession of meth, meth precursor, anhydrous ammonia. The only element at issue in a prosecution like this is the knowing possession with intent element. And on this element, the state and defense are battling inferences, as because the state's evidence is 14 everyday objects. Coffee filter, heat, batteries. These are not hazardous. They're discovered in bins in a truck bed, also in a truck cabin in a motel room. This is not a bubbling pot of chemicals. These are coffee filters. Jurors expect to see and hold non-hazardous everyday objects. A trial in the state would likely explain to the jury that the potential of contamination led to the destruction of these items. The state's choice to destroy these items would force the defense into a stipulation and into a photos-only approach. But these photos embed the state's point that these were not everyday objects, but instead meth manufacturing objects. The defense is left arguing to the jury these objects had to be destroyed, but they're not hazardous. Trust me. Finally, the wilfulness in the state in destroying this evidence was correctly characterized by Judge Hayden as not inadvertent. The state had certified to the court and to the defense that the items were being preserved, that they were available for inspection through the state's attorney's office. The state chose not to reach out to the meth response team or the hazardous waste contractor, despite having received the meth response team's report. Similarly, the Fairmont police sat on notice of the defense, despite receiving the report. And I guess as a final note, I'd like to comment on the state's request for a limited remand. First of all, this request really underscores how profound the state has violated Rule 412. The state apparently still doesn't know when it destroyed the very evidence it was required to preserve. But let's imagine a world in which the state is allowed its request for a remand. Now, when they're in front of Judge Hayden, they say something to the effect of, we now know that we destroyed these items on day X. It's still true that we certified to you and the defense that these items were being preserved and available for inspection through us. It's still true that we never informed you of their destruction or even the possibility of their destruction. Judge Hayden at that point will correctly conclude that the state unilaterally subverted the discovery process. In his discretion, he will oppose the exact same distinction. Your Honor, this court does not need to remand this case or entertain the state's request to drag this case along. This court should affirm Judge Hayden's ruling. Is there any other questions? No. Thank you, counsel. People v. Claudus, the Illinois Supreme Court case from 2011, indicates as follows. Upon receiving the written Rule 237 notice to produce, the video recording five days after defendant was arrested and 25 days before it was destroyed, the state was placed on notice and should have taken appropriate steps to ensure it was preserved. In the Koutsakis case, that's a 3rd District 1993 case. In both of these cases interpret Supreme Court Rule 412, which apparently defense counsel doesn't believe the state has to have notice, that the state just has to preserve everything. I believe that goes against California v. Trombetta, which was the case that described that if state police or other law enforcement organization destroys evidence pursuant to a protocol, then that gets around in finding a bad faith. But because we're now focusing only on the Rule 412 issue, again, the Koutsakis case says where there's a request for specific evidence, a defendant does not need to show the exculpatory value of the evidence because the specific request puts the state on notice to preserve the evidence. This is critical to the outcome of this case. We know that the defense filed a motion for discovery on August 12, 2013. We do not know what date the evidence was destroyed. It's a critical factor under Supreme Court and appellate court opinions interpreting Supreme Court Rule 412. The state has no duty just to preserve in perpetuity any evidence that's received. It's a critical finding. It's a finding of fact that must be made by the trial court. The trial court even noted in the motion to reconsider, you know what, there was no testimony concerning the date the evidence was destroyed. So I think the court was aware something was missing here, but under a bad faith analysis, it's the defense that has to show this was all destroyed in bad faith and it was destroyed after the state was put on notice. Under 412, it's the same kind of finding. There has to be a finding that the state was put on notice to preserve the items and didn't preserve the items. That happened under the Kitsakas case and in the McLeod's case. Again, the state believes a limited remand for the purpose of determining the date the evidence was destroyed must occur in this case. It will also narrow the issues on appeal. And any finding on the merits without that remand is essentially in the nature of an advisory opinion, and I believe the court would not want to be in that position. So for those reasons, the state requests a limited remand for a finding on the date the items and evidence were destroyed. Thank you, Your Honor. Thank you, Counselor. Counselor, we will take this case under advisory. Thank you.